UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICHARD HEJLEK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:13CV2503 JAR |
| | ) |
| DENNIS J. BARTON, III, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Attorneys' Fees and Court Costs (ECF No. 24). This matter is fully briefed and ready for disposition.

**DISCUSSION**

Defendant Barton filed an Offer of Judgment on February 27, 2014, which Plaintiff accepted on March 7, 2014. (ECF No. 25 at 3; ECF No. 24-3). In the Offer of Proof, Barton concedes that Plaintiff is entitled to $2,000.00 in damages, Plaintiff's reasonable attorneys' fees related to prosecuting Barton, and the costs of litigation. (Id.). In his motion for attorneys' fees, Plaintiff requests the Court enter judgment in his favor consisting of (1) $7,463.50 in attorneys' fees; (2) $2,000 in damages; and (3) $450 in costs for a total award of $9,913.50. (ECF No. 24 at 2). Plaintiff's counsel charged the rate of $295 per hour. Plaintiff's requested fee award is the only amount in dispute.

Barton argues that the proposed attorneys' fees are too high. First, Barton disputes 2.5 hours of the 3.5 hours charged on December 11, 2013 for an initial meeting with his client. (ECF No. 26 at 3). Barton states that this must have included travel time and it was too much time for a conference on a non-complex case. Barton consents to only 1 hour of time.

Second, Barton also disputes the two hours of invoiced work for December 12, 2013 for internet research. (ECF No. 26 at 3-4). Barton states that this is an unreasonable amount of time and plaintiff's counsel is billing for work performed in six other similar cases against Barton. Barton consents to .3 hours.

Barton also challenges the 7.5 invoiced hours for time Plaintiff's counsel researched potential FDCPA causes of action against Barton. (ECF No. 26 at 4). Barton claims that the amount of time is unreasonable because none of the claims are unusual and Mr. Voytas files a lot of FDCPA claims. In any event, Barton asserts that Mr. Voytas' requested time should be split among all of the cases against Barton, and he consents to only .3 hours.

Barton disputes 5.4 of the 6.4 hours that Plaintiff's counsel requests for drafting the complaint. Barton asserts that Plaintiff's counsel filed 7 similar complaints against 7 different defendants. Barton claims that the 6.4 hours is exaggerated and should be divided equally among the 7 different defendants. (ECF No. 28 at 4-5). Barton consents to 1 hour of time for drafting the complaint. (ECF No. 28 at 4).

Barton disputes the 1.5 hour claim for time Mr. Voytas spent speaking to an employee of Senex, a former co-defendant in this case. (ECF No. 26 at 5). Barton claims that it is unlikely that Mr. Voytas spent 1.5 hours talking to the Senex employee solely about Barton. Further, because Senex was involved in this case and <u>Lois Mueller v. Barton</u>, 4:13cv2523, Barton asserts that Mr. Voytas can claim at most .8 hours (1.5 hours divided by two and rounded up to the nearest tenth).

Finally, Barton disputes the requested amount (1.9 hours) for Plaintiff's counsel's communications on February 14, 23 and 25, 2014, with St. Anthony's Medical Center's counsel, Laura Frame. (ECF No. 26 at 5-6). Barton contends that Plaintiff's counsel violated Missouri

Rule of Professional Conduct 4-4.2 when he spoke to Ms. Frame without Barton's knowledge and consent.

In reply, Plaintiff's counsel states that he did not commit any professional misconduct because Ms. Frame contacted him in response to a subpoena, and he only spoke to her after he was assured that St. Anthony's Medical Center was not represented by Barton. (ECF No. 27). Plaintiff's counsel further asserts that it did not double bill for any work and that the fees requested are in-line with other attorneys' fees awards for similar work.

As a starting point, the Court does not question Mr. Voytas' ethics, particularly where evidence presented demonstrates that Ms. Frame contacted Mr. Voytas first. The Court finds no ethical violation on the part of Mr. Voytas and, further, that Barton's allegation is unwarranted and made recklessly.

The Court nevertheless believes that amount of requested attorneys' fees is more than anticipated, given the early stage of the litigation. The Court finds that Plaintiff's counsel charged for too much time for meeting with his client, researching the FDCPA causes of action, preparing the complaint, and talking to the employee at Senex. As a starting point, Plaintiff has requested 25.3 hours of attorneys' fees. Barton consents to 5.9 hours of work. (ECF No. 26 at 7). As a result, 19.4 hours of work are contested. After a thorough review of the record, the Court will reduce the fees by approximately one-third of the contested amount (or 6.4 hours). The Court believes that a 6.4 hour reduction is warranted given the atypical amount of time Mr. Voytas spent preparing for and having the initial client meeting (4.7 hours), performing internet searches on Barton (2.0 hours), researching FDCPA causes of action against Barton and his possible defenses (7.5 hours), drafting the complaint (6.4 hours), and talking to the employee at Senex (1.5 hours). After a 6.4 hour reduction, Plaintiff is awarded fees for 18.9 hours of work in the amount of $5,575.50.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Award of Attorneys' Fees and Court Costs [24] is hereby **GRANTED**, in part. Plaintiff is awarded $2,000 in statutory and actual damages, Plaintiff is awarded $5,575.50 in attorneys' fees and $450.00 in court costs for a total of $8,025.50.

**IT IS FURTHER ORDERED** that Plaintiff's Supplement re: Motion for Award of Damages and Attorneys' Fees and Expenses [38] is **GRANTED** and Defendant Dennis J. Barton III's Motion to Strike Plaintiff's Supplement re: Motion for Award of Damages and Attorney's Fees and Expenses [39] is **DENIED**.

Dated this 20th day of May, 2014.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**